# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JS-6

CARTIER INTERNATIONAL AG and CARTIER, a division of RICHEMONT NORTH AMERICA, INC.,

Plaintiffs,

v.

JOSHUA'S JEWELRY INC.,

Defendant.

Case No. 2:17-cv-08425-ODW(SKx)

**FINAL JUDGMENT**

The Court, having read and considered the Joint Stipulation of Entry of Judgment and Order that has been executed on behalf of Plaintiffs Cartier and Cartier International AG, on the one hand, and Defendant Joshua's Jewelry Inc, on the other hand, and good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Judgment is entered for Plaintiff for its claims against Defendant.

2. Defendant shall pay to Plaintiffs the total sum of $7,500 in two equal payments. The first $3,750 shall be paid within five (5) days of entry of this Judgment, and the second $3,750 shall be paid within three (3) months of entry of this Judgment.

3. Defendant shall send the Remaining Inventory to counsel for Plaintiffs within five (5) business days of entry of this Judgment.

4. Defendant, and each of its agents, privies, servants, affiliates, employees, successors, assigns, heirs, and designees, as applicable, and any entity created, owned, or controlled in whole or in part by either Defendant now or in the future, are each hereby permanently enjoined and forever restrained from:

   a. Imitating, copying, or making unauthorized use of the LOVE Trade Dress or the LOVE Marks, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, exporting, or licensing any products bearing the LOVE Trade Dress, the LOVE Marks, or any other design that is confusingly similar to the LOVE Trade Dress or LOVE Marks;

   b. Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with Cartier or that any product manufactured, reproduced, distributed, advertised, displayed, promoted, offered for sale, sold, imported, exported, or licensed by Defendant is in any manner associated or connected with Cartier, is a genuine product of Cartier, or is authorized, licensed, sponsored, or otherwise approved by Cartier;

  c. Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the LOVE Trade Dress or the LOVE Marks;

  d. Engaging in any activity that dilutes or tarnishes, or is likely to dilute or tarnish, the LOVE Trade Dress or the LOVE Marks;

  e. Taking any action inconsistent with Cartier's rights or claims of rights in and to the LOVE Trade Dress or the LOVE Marks; and

  f. Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(e) above, inclusive.

 5. Any violation by Defendant of any provision of this Judgment or any error or omission in any of Defendant's representations shall constitute contempt of a Court order, and Plaintiffs shall be entitled to all relief under 18 U.S.C. § 401, *et seq.*, including costs, investigation fees, and reasonable attorneys' fees, as well as the following relief and remedies from Defendant, which remedies are cumulative:

  a. to the extent any of the representations are deemed by the Court to be materially false, Defendant shall pay to Plaintiffs $5,000 for each representation that is false;

  b. liquidated damages in the sum of $2,000 for each individual different product (not type of product, but product) offered for sale in violation of this Judgment;

  c. disgorgement to Plaintiffs of all profits Defendant receives in connection with selling any products that are prohibited under the terms of this Judgment. For purposes of assessing such profits, Defendant shall provide a list of all items purchased from third parties and shall disclose the price at which Defendant sold all such products. Plaintiffs shall be entitled to the difference between the sale price received by Defendant and the purchase price it paid;

  d. all investigation costs incurred by Plaintiffs in learning of or investigating any violation or breach of this Judgment;

1          e.     all of Plaintiffs' costs and attorneys' fees incurred in connection with discovering any violation or breach of this Judgment, assessing the violation or breach of this Judgment, advising Defendant or its counsel of any violation or breach of this Judgment, and bringing any action for violation or breach of this Judgment; and

         f.     any other contempt remedies to be determined by the Court, which may include additional fines and seizure of property.

Defendant shall not challenge Plaintiffs' rights to any of the relief identified in paragraphs 5(a)-(f). In addition to the relief identified above, Plaintiffs may also pursue all remedies provided by the Lanham Act or any other law.

6. This Judgment resolves the claims and demands that were asserted by Plaintiffs in the Civil Action against Defendant and all defenses and counterclaims, permissive or compulsory, that were or could have been asserted by Defendant in the Civil Action and all relief and remedies requested or that could have been requested by Defendant, and shall constitute a final adjudication of the merits as to any such claims, counterclaims, and defenses.

7. The parties to this Judgment waive all rights to appeal from entry of this Judgment.

8. Defendant acknowledges that it has obtained advice of counsel with respect to this Judgment. Defendant further acknowledges that its decision to consent to the entry of this Judgment was not influenced by any promises, representations, or statements made by Plaintiffs or anyone acting on their behalf other than those set forth herein.

//
//
//
//
//

1 | The Court hereby **VACATES** all dates and deadlines. The Clerk of the Court
2 | shall close the case.
3 | **IT IS SO ORDERED.**
4 |
5 | October 29, 2018

                                                _____
**Hon. Otis D. Wright, II**
**United States District Judge**